**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21819

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

| | |
|---|---|
| RASHON STROMAN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES,<br><br>Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Rashon Stroman, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Credit Control Services, Inc. *d/b/a* Credit Collection Services as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### THE FDCPA

2. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing

1

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90. "The juxtaposition of

two inconsistent statements" in a communication violates the FDCPA. *Russell*, 74 F.3d at 34.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.* at 62.

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendant Credit Control Services, Inc. d/b/a Credit Collection Services because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District

## PARTIES

12. Plaintiff Rashon Stroman ("Plaintiff") is a natural person who is a citizen of the State of New Jersey residing in Passaic County, New Jersey.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS") is a company existing under the laws of the State of Massachusetts, with its principal place of business in Norwood, Massachusetts.

15. CCS has transacted business within this state as is more fully set forth hereinafter

in this Complaint.

16. CCS regularly collects or attempts to collect debts asserted to be owed to others.

17. CCS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of CCS's business is the collection of such debts.

19. CCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. CCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of CCS as described in this Complaint were performed by CCS or on CCS's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "CCS" in this Complaint shall mean CCS or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. Plaintiff received a Letter on the letterhead of CCS, dated March 25, 2022 (the "Letter").

23. The Letter alleged Plaintiff owed $658.10 to GEICO Indemnity Company (the "alleged debt").

24. The alleged debt does not arise from any business enterprise of Plaintiff.

25. The alleged debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26. The Letter further stated or otherwise implied that GEICO Indemnity Company had hired or otherwise retained CCS for the purposes of collecting the alleged debt from Plaintiff.

27. However, CCS is a shell company with no employees of its own.

28. Instead, the employees of a different entity, Enterprise Associates, LLC ("Enterprise"), hold themselves out as employees of CCS.

29. Enterprise is not a licensed debt collector.

30. The employees of Enterprise have full access to New Jersey consumers' personal information, including date of birth, social security number, address, phone number, the amount of money allegedly owed, account numbers, places of employment, etc.

31. In its efforts to collect money from Plaintiff, Enterprise decided to contact Plaintiff by letter.

32. Rather than preparing and mailing such letter to Plaintiff on its own, Enterprise decided to utilize an additional third-party, Business Ink, Co., to perform such activities.

33. Business Ink, Co. is located in Austin, Texas.

34. As part of its utilization of Business Ink, Co., Enterprise conveyed information regarding Plaintiff and the alleged debt to Business Ink, Co. by electronic means.

35. The information conveyed by Enterprise to Business Ink, Co., which was viewed by employees of Business Ink, Co., contained Plaintiff's personal and private information, including personal identifying data, among other things.

36. Business Ink, Co. then populated some or all of the information into a prewritten template, printed, and mailed the collection letter to Plaintiff at Enterprise's direction.

37. The Letter was received and read by Plaintiff.

38. The acts of CCS as described in this Complaint were performed by CCS or on CCS's behalf by Enterprise.

39. CCS's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from CCS's conduct.

40. The Letter, in the relevant part, states, "50% DISCOUNT OPPORTUNITY".

5

41. Then, the Letter, in relevant part, states, "Once the discounted amount has been posted by this office, you account will be closed and returned to your creditor as settled-in-full."

42. The Letter does not provide any details regarding the due date for Plaintiff to accept the discounted offer.

43. The Letter is completely devoid of any language that provides the Plaintiff how long the discounted offer will remain open.

44. The Letter fails to inform Plaintiff whether the creditor of the alleged debt will consider the alleged debt settled-in-full should Plaintiff accept the discounted offer.

45. 15 U.S.C. § 1692e protects Plaintiff's concrete interests and rights.

46. As set forth herein, CCS deprived Plaintiff of these rights.

47. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by CCS to Plaintiff specifically.

48. Plaintiff's injury is directly traceable to CCS's conduct because CCS initiated the communications, and but for CCS's conduct, Plaintiff would not have been deprived of his rights.

49. Plaintiff has been misled by CCS's conduct.

50. CCS's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from CCS's conduct.

51. Plaintiff justifiably fears that, absent this Court's intervention, CCS will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

52. Plaintiff justifiably fears that, absent this Court's intervention, CCS will ultimately cause Plaintiff unwarranted economic harm.

53. Plaintiff justifiably fears that, absent this Court's intervention, CCS will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

54. Plaintiff justifiably fears that, absent this Court's intervention, CCS will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

55. As a result of CCS's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

56. As a result of CCS's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged debt.

57. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

58. A favorable decision herein would redress Plaintiff's injury with money damages.

59. A favorable decision herein would serve to deter CCS from further similar conduct.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

61. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

62. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

63. Plaintiff never consented to CCS's communication with the third-party vendor concerning the alleged Debt.

64. Plaintiff never consented to CCS's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

65. Plaintiff never consented to CCS's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

66. Upon information and belief, CCS has utilized a third-party vendor for these purposes thousands of times.

67. CCS utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

68. CCS utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

69. CCS utilizes a third-party vendor with reckless disregard for the harm to Plaintiff that results from CCS's unauthorized disclosure of such private and sensitive information.

70. CCS utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

71. CCS utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

72. CCS violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

73. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

74. The unauthorized disclosure of a consumer's private and sensitive information is

both unfair and unconscionable.

75. CCS disclosed Plaintiff's private and sensitive information to the third-party vendor.

76. CCS violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

77. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

78. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

79. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

80. A violation of Section 1692c(b) is an invasion of privacy.

81. A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

82. An invasion of privacy is an injury-in-fact that provides Article III standing

83. As described herein, CCS violated Section 1692c(b).

84. As described herein, CCS invaded Plaintiff's privacy.

85. As such, Plaintiff has standing to seek redress in this Court.

86. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

87. A violation of Section 1692c(b) is a public disclosure of private facts.

88. A violation of Section 1692c(b) is an injury-in-fact that provides Article III standing.

89. A public disclosure of private facts is an injury-in-fact that provides Article III standing

90. As described herein, CCS violated Section 1692c(b).

91. As described herein, CCS publicly disclosed Plaintiff's private facts.

92. As such, Plaintiff has standing to seek redress in this Court.

93. For the foregoing reasons, CCS violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f

94. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

95. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

96. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

97. 15 U.S.C. § 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

98. The Letter offered Plaintiff a discounted offer.

99. The Letter does not provide any details regarding the due date for Plaintiff to accept the discounted offer.

100. The Letter is completely devoid of any language that provides the Plaintiff how long the discounted offer will remain open.

101. The Letter does not provide any details regarding whether the creditor of the alleged debt will consider the alleged debt settled-in-full should Plaintiff accept the discounted offer.

102. Upon information and belief, CCS has a pattern and practice of providing consumers discounted offers without providing details regarding a due date or other details of how long the offer will remain open, in violation of 15 U.S.C. §§ 1692e, 1692(10), and 1692f.

103. For the foregoing reasons, CCS violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

104. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New Jersey.

105. Plaintiff seeks to certify a class of:

> i. All consumers where CCS sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

106. This action seeks a finding that CCS's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

107. The Class consists of more than thirty-five persons.

108. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

109. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as

a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. CCS has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

110. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because CCS's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

111. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding CCS's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: June 30, 2022

          **BARSHAY, RIZZO & LOPEZ, PLLC**

          By: s/ *Karra L. Kingston*
          Karra L Kingston, Esquire
          445 Broadhollow Road | Suite CL18
          Melville, New York 11747
          Tel: (631) 210-7272
          Fax: (516) 706-5055
          Our File No.: BRL21819
          *Attorneys for Plaintiff*
          wbbankruptcylaw@gmail.com

